IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                            RESPONDENT

v.                              No. 1:10-CR-10010
                                No. 1:12-CV-1046

REGINALD NALLS                                                                      MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed herein by REGINALD NALLS, (hereinafter referred to as "Nalls") an inmate confined in the Arkansas Department of Corrections, Cummins Unit, Grady, Arkansas. ECF No. 40. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 43.

**1. Procedural Background**:

On May 17, 2010, Nalls waived indictment and the Government filed an information charging him with having knowledge of the actual commission of a felony, namely the distribution of crack cocaine, and concealing and failing to make known the felony to a judge or other person in civil or military authority in violation of 18 U.S.C. § 4. ECF No. 2. Nalls entered into a Plea Agreement with the Government in which he agreed that he had concealed and failed to disclose to authorities that Michael Beverly was distributing crack cocaine. ECF No. 3. Nalls appeared with counsel before the court and entered a plea of guilty to Count 1 of the Information before U.S. District Judge Harry F. Barnes. ECF No. 4. The Court ordered Nalls taken into the custody of the U.S. Marshall and further ordered the preparation of a Pre-Sentence Report ("PSR")

On October 20, 2010, Nalls filed a *pro-se* motion to withdraw his plea. ECF. 8. Nalls alleged he had been coerced into the guilty plea and in fact was not guilty. Judge Barnes denied the Motion to withdraw guilty plea, finding that Nalls had been fully informed of his rights and had admitted his guilt under oath at the change of plea. ECF No. 10.

The United States Probation Office prepared a PSR and the matter was set for sentencing. ECF No. 15. The PSR found a total offense level of 13 (after Nalls was given credit for acceptance of responsibility) and a criminal history category V. The PSR recommended a sentence range of 30-36 months imprisonment and one year supervised release. ECF No. 15.

On January 20, 2011, the Court conducted a sentencing hearing. ECF No. 14. The Court sentenced Nalls to time served, 1 year supervised release, and a $100 special assessment. ECF No. 16. Nalls did not appeal his conviction.

On April 18, 2011, the Court ordered the issuance of an arrest warrant based on allegations in a Petition to Revoke Supervised Release. ECF No. 19. Nalls was arrested on April 25, 2011 and appeared before the undersigned on April 26, 2011 for an initial appearance on the Petition to Revoke. ECF No. 20. Nalls waived his right to a detention hearing on May 3, 2011. ECF No. 24.

On July 7, 2011, Judge Barnes, following a hearing, revoked the term of Supervised Release and sentenced Nalls to a term of 12 months imprisonment, *with no further supervised release to follow his imprisonment*. ECF No. 28. A Revocation Judgement was entered on July 11, 2011. ECF No. 29. Nalls filed his notice of appeal of this revocation on July 21, 2011. ECF No. 31. In a October 27, 2011 Opinion the United States Court of Appeals for the Eighth Circuit concluded that Judge Barnes did not err in revoking Nalls's supervised release and further that the Court did not impose an unreasonable sentence in this matter. *U.S. v Nalls*, 435 Fed. Appx. 588 (8th Cir. 2011)(Unpublished). The Eighth Circuit issued its Mandate affirming the revocation on November

18, 2011. ECF No. 39. Nalls was released from the custody of the Federal Bureau of Prisons on April 17, 2012.[1]

## 2. Instant Petition:

Nalls filed the instant Motion on May 9, 2012. ECF No. 40. The Court directed the Government to file a response and the Government filed its Response on June 6, 2012. ECF No. 43.

In his Motion, Nalls asserts two (2) grounds for setting aside the sentence imposed in this case:

> a. His trial counsel refused to file a notice of appeal following his January 21, 2011 sentencing.
>
> b. The U.S. District Clerk refused to accept his pro-se notice of appeal (on three separate occasions) when presented.

Nalls seeks the following relief: "That the judgment of conviction be vacated, set aside, and held for naught. . ." ECF No. 40, p. 12. The Government asserts (1) Nalls appealed the revocation of his supervised release, (2) the Clerk did in fact file his notice of appeal following the revocation of his supervised release in this case, and (3) Nalls is no longer in custody and therefore ineligible to file a Motion pursuant to § 2255. The Court notes Nalls appears to be challenging his original sentence in this matter rather than the sentence imposed on him following the revocation of his supervised release.[2] As discussed below, a challenge to either the original sentence or the sentence following the revocation of his supervised release should be denied.

## 3. Discussion:

---

[1] *See*, Federal Bureau of Prisons Inmate Locator at http://www.bop.gov/iloc2/LocateInmate.jsp, inmate no. 06780-010.

[2] Nalls, in his Motion, only references the date of his original sentence, January 21, 2011, and further he did in fact appeal the sentence imposed for the revocation of his supervised release.

Section 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995). Here, for the reasons set out below, Nalls is not entitled to relief on his claims.

**a. Motion is Untimely**: The instant Motion should be denied as time-barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255(f). In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

In the present case, the judgment and sentence in the underlying criminal case was entered on January 20, 2011. ECF No. 16. No appeal of the original judgment and sentence was ever taken. While Nalls claims his lawyer failed to file a notice of appeal, he also claims attempted to file this notice and states in the instant Motion that he prepared at least three (3) different notices of appeal and fowarded to the Clerk for filing. ECF No. 40 p. 6. Nalls has provided no documentation supporting his claim that he attempted to file these notices. A person convicted of a crime in a United States District Court has fourteen (14) days to file his notice of appeal. *See* FED. R. APP. P. 4(b). Here, the time for filing the notice of appeal expired on February 3, 2011, and Nalls had one

year, or until February 3, 2012, to file a motion pursuant to § 2255 to vacate the original sentence. In the present action, Nalls did not file his Section 2255 Motion until May 9, 2012, well over one year from the date his judgment and sentence became final. Nalls has not alleged any impediment to his filing the instant Motion, nor has he alleged the one-year time period should be tolled for some reason.

      **b. "In Custody" Requirement**: Section 2255 states in part:

> **(a)** *A prisoner in custody under sentence of a court* established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a)(emphasis added). Further, Rule 1 of the Rules Governing Section 2255 Proceedings state in part: "These rules govern a motion filed in a United States District Court under 28 U.S.C. § 2255 by: (a) *a person in custody under a judgment of that court*. . ." In order to rely upon § 2255 for relief, a movant must satisfy the threshold inquiry of being "in custody." *Loar v. United States*, 434 F.2d 254, 255 (8th Cir.1970) ("A motion attacking a sentence may be considered only if the appellant is still in custody."). In *Loar*, the Eighth Circuit held the Court need not consider the § 2255 claims of a defendant who had been "unconditionally released." *Id*. "A motion attacking a sentence may be considered only if the appellant is still in custody." *Id*. Likewise, noncustodial punishment, such as fines and restitution, do not constitute "custody" and thus do not give the Court jurisdiction to consider a § 2255 claim. *See United States. v. Bernard*, 351 F.3d 360 (8th Cir. 2003)(restitution order not "in custody.");

      Nalls was sentenced to time served and one year supervised release on January 20, 2011. On July 11, 2011, he was sentenced to a term of 12 months imprisonment and given credit for time

served since his arrest on April 25, 2011. He completed his term of imprisonment on April 17, 2012, and filed the instant Motion on May 9, 2012. His sentence did not include an additional term of supervised release following his release from imprisonment. While Nalls apparently is serving a sentence in the Arkansas Department of Corrections, he is no longer subject to federal custody or supervision. Accordingly Nalls's Motion pursuant to § 2255 should be denied as he is not in custody pursuant to a sentence of this Court.

**4. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant petition be denied and dismissed.[3] Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this **2nd day of July, 2012.**

                                            /s/ Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316 (8th Cir.1984).